**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| KIMBERLEY L. JOHNSON, | § § | |
| Plaintiff | § § | Case No. 1:18-cv-127 |
| -v- | § § | Hon. |
| BANK OF AMERICA, N.A. | § § | |
| Defendant | § | |

## COMPLAINT

## INTRODUCTION

1. Defendant BANK OF AMERICA, N.A. ("Defendant") harassed Plaintiff KIMBERLEY L. JOHNSON ("Plaintiff") with collection robocalls when it had no right to make these automated calls to Plaintiff's cellular telephone.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because they calls brought on frequent headaches, feelings of anxiety and hopelessness, caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with her ability to make and receive phone calls on her cellular telephone.

1

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.* and the Michigan Regulation of Collection Practices Act 445.251 *et seq.*

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Williamston, County of Ingham, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the TCPA and the MRCPA.

11. Defendant is a national association with headquarters located at 100 N. Tryon St., Charlotte NC, 28202. Defendant is a subsidiary of Bank of America Corporation, a corporation organized under the laws of the State of Delaware.

12. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

13. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

14. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

15. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

16. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## **FACTUAL ALLEGATIONS**

17. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (517) XXX-8300.

18. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

19. Plaintiff did not provide Defendant with her cellular telephone number.

20. Despite Plaintiff's knowledge that they did not have permission to call her cellular telephone, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least fifty (50) times.

21. These calls were not made for emergency purposes.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling three to four times per day, and on back to back days, with such frequency as can reasonably be expected to harass.

23. Defendant has recorded at least one conversation with Plaintiff.

24. Defendant has recorded numerous conversations with Plaintiff.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

26. When Plaintiff would answer phone calls from Defendant she would often hear a beep followed by a pre-recorded/synthesized message. Other times Plaintiff would hear a long pause or "dead air" before a live person would come on the line.

27. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

28. All calls and messages were sent in willful violation of the TCPA as Plaintiff never provided her consent to receive such calls, and Defendant had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to her cell phone or to send hir prerecorded and/or synthesized messages on her cell phone.

29. Defendant's unlawful conduct has caused Plaintiff severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety, stress, headaches, pain, sleeping issues, anger, embarrassment, humiliation, depression, family strife, marital problems, utter frustration, shame, lack of concentration, amongst other injuries and negative emotions.

30. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint, were illegal attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

31. Defendant's conduct is part of a business plan and practice of unlawful collection abuse including repeated and intrusive telephone calls, without first obtaining prior express consent to place such calls.

32. Defendant violated the TCPA with respect to Plaintiff

33. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

34. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

35. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

36. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (517) XXX-8300 for which the Plaintiff paid money.

### *Count I – Telephone Consumer Protection Act*

37. Defendant willfully violated the TCPA with respect to Plaintiff each time they called her using an ATDS or prerecorded voice.

38. Defendant knowingly violated the TCPA with respect to Plaintiff each time they called her using an ATDS or prerecorded voice.

39. Defendant repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without her prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

40. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

41. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, from violating the TCPA in the future.

*Count II – Michigan Regulation of Collection Practices Act*

42. The MRCPA states that a regulated person may not use a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

43. Defendant's continued placement of collection calls to Plaintiff were so frequent as to be a harassing, oppressive, and abusive method to collect a debt in violation of MCL § 445.252(n).

## **TRIAL BY JURY**

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

45. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

46. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

47. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

   a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

   b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

   c) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

48. Defendant has violated the MRCPA. Defendants violations of the MRCPA include, but are not limited to, the following:

    a. Defendant violated MCL 445.252(n) by a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

**Wherefore**, Plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to MCL 445.257(2);

   b) Treble the actual damages pursuant to MCL 445.257(2);

   c) Statutory damages pursuant to MCL 445.257(2);

   d) Reasonable attorney's fees and court costs pursuant to MCL 445.257(2); and

   e) Equitable relief pursuant to MCL 445.257(2).

| Dated: February 5, 2018 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|